UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE J. FRANKLIN, JR.,

    Plaintiff,

v.                                   Case No. 25-cv-0035-bhl

STATE OF WISCONSIN,
JARED HOY, and
SILVIA XOPIN,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff Jesse J. Franklin, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated when Defendants improperly extended the date by which he was to be discharged from the Department of Corrections' supervision. Having served his full sentence, Franklin is no longer under the supervision of the Department of Corrections. This matter comes before the Court on Franklin's motion for leave to proceed without prepaying the full filing fee, which he filed on January 7, 2025.

    The Court has authority to allow a plaintiff to proceed without prepaying the full filing fee if it determines that the plaintiff is unable to pay the costs of commencing the action. *See* 28 U.S.C. §1915(a)(1). Franklin reports that he is employed and makes $1,000 per month. He lists his monthly expenses, including rent, at $200 per month, leaving about $800 in discretionary income. Franklin also asserts that he owns a car worth about $1,000 and has $500 in cash or in a checking/savings account. He is unmarried and has no dependents. Dkt. No. 2.

On these facts, the Court cannot find Franklin indigent, as he lists a monthly income and assets that are sufficient to facilitate payment of the $405 civil filing fee. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the Court's authority to grant motions seeking leave to proceed without prepaying the filing fee "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Franklin's income and assets preclude his inclusion in that group of litigants, so his motion to proceed without prepaying the civil case filing fee must be denied.

Finally, the Court advises Franklin that, pursuant to 28 U.S.C. §1915(e)(2), even if he pays the filing fee, the Court may dismiss this case if it determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.

**IT IS THEREFORE ORDERED** that Franklin's motion to proceed without prepaying the $405 civil case filing fee (Dkt. No. 2) is **DENIED**. If Franklin wants to proceed with this action, he must pay the $405 civil case filing fee by **February 14, 2025.** If Franklin does not pay the filing fee by the deadline, the Court will dismiss this action based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on January 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
