UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE J. FRANKLIN, JR.,

    Plaintiff,

  v.             Case No. 25-cv-0035-bhl

STATE OF WISCONSIN,
JARED HOY, and
SILVIA XOPIN,

    Defendants.

---

## SCREENING ORDER

---

  Plaintiff Jesse J. Franklin, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On January 24, 2025, Franklin filed an amended complaint, which he may do once without the Court's permission. *See* Fed. R. Civ. P. 15. He paid the $405 civil case filing fee few days later, on January 27, 2025. This matter comes before the Court to screen the amended complaint.

### SCREENING OF THE COMPLAINT

  District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. §1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is *pro se*, serves the important function of protecting putative defendants from the expense of having to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id*.

In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE AMENDED COMPLAINT

According to Franklin, on January 20, 2006, he was found guilty at trial of the following three counts: (1) possession within intent—THC; (2) possession with intent—cocaine; and (3) felon in possession of a firearm. Franklin explains that he was sentenced to a total of 15 and 1/2

years, 6 and 1/2 years of which he was to be confined, with 188 days of credit. On January 10, 2012, he was released on extended supervision, with 9 years remaining on his sentence. According to Franklin, his maximum discharge date was January 10, 2021. Dkt. No. 5 at 3-4.

On March 25, 2018, a little more than 6 years after he had been released on extended supervision, Franklin was incarcerated for violating the terms and conditions of his extended supervision, and just under a year later, on February 28, 2019, his extended supervision was revoked. Franklin was ordered to be confined for 1 year and 4 months, with a little more than 3 months credit. According to Franklin, on March 26, 2019, "the Department of Corrections illegally recalculated [his] sentence, thereby extending [his] discharge date from January 10, 2021 until December 24, 2024." On April 17, 2019, Franklin was again released to extended supervision. He was finally discharged from the terms and conditions of extended supervision on December 24, 2024. Dkt. No. 1 at 4-5.

### THE COURT'S ANALYSIS

Franklin asserts that his constitutional rights and several Wisconsin statutes were violated when his maximum discharge date was recalculated without a court order. But Franklin misunderstands how maximum discharge dates are calculated under Wisconsin law. As Franklin acknowledges, he was initially sentenced to a total of 15 and 1/2 years, with a maximum discharge date of January 10, 2021. On January 10, 2012, he was released on extended supervision, and on March 25, 2018, he was reincarcerated after violating the terms of his extended supervision. About a year later, his extended supervision was formally revoked.

Under Wis. Stat. §302.113(9)(am), a person who violates a condition of extended supervision may have his extended supervision revoked, in which case, the person may be returned to prison for any period of time that does not exceed the time remaining on the bifurcated sentence.

"The time remaining on the bifurcated sentence is the total length of the bifurcated sentence, less time served by the person in confinement under the sentence before release to extended supervision . . . and less all the time served in confinement for previous revocation of extended supervision on the sentence." Importantly, the statute does *not* state that the time a person was released on extended supervision should be included when calculating "the time remaining on the bifurcated sentence."

According to the documentation provided by Franklin, he was returned to custody on March 25, 2018. At the time, he had fully served his sentence for Count 1—2 years confinement, and 2 years of supervised release (ending January 10, 2014). He had not, however, fully served his sentence for Count 2—3 years confinement (served), and 5 years extended supervision, consecutive to Count 1, *i.e.*, beginning on January 11, 2014. Nor had he fully served his sentence for Count 3—18 months confinement (served), and 2 years extended supervision, consecutive to Count 2.

Accordingly, at the time he was reincarcerated (March 25, 2018) the "time remaining on his bifurcated sentence" was the "total length of the bifurcated sentence" (11 years and 6 months for Counts 2 and 3), "less the time served . . . in confinement . . . before release to extended supervision" (4 years and 6 months for Counts 2 and 3), "and less all time served in confinement for previous revocations" (3 months and 8 day credit for time served February 6, 2014 until May 14, 2014). *See* Dkt. No. 5-1 at 7. As noted in the calculation paperwork, this resulted in a new maximum discharge date of December 24, 2024. *Id*. To be clear, per Wis. Stat. §302.113(9)(am), because Franklin's extended supervision was revoked, the time that Franklin was in the community on extended supervision (January 10, 2012 until March 24, 2018) did *not* count when calculating the "time remaining on his bifurcated sentence" for Count 2 and Count 3. Such was the

4

consequence of Franklin failing to abide by the conditions while on extended supervision. Accordingly, contrary to Franklin's understanding, Defendants did not change Franklin's sentence; they merely recalculated the date on which the sentence would be discharged, consistent with the formula in the statute. The complaint therefore fails to state a claim.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Franklin believes he can cure the deficiencies identified in this decision, he may file a second amended complaint by **February 28, 2025**. He is advised that a second amended complaint will replace the amended complaint and must be complete in itself without reference to prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If a second amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If a second amended complaint is not received, the Court will dismiss this action based on Franklin's failure to state a claim in his amended complaint. If Kennedy does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that on or before **February 28, 2025**, Franklin may file a second amended complaint if he believes he can cure the defects in the amended complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Franklin a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Pro Se Litigants' Common Questions," along with this order.

Franklin is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on February 5, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge